IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**K.G.**,

        Plaintiff,    Case No. 3:22-cv-01107-MO

  v.    OPINION & ORDER

**STEPHEN L. HALL**,

        Defendant.

**MOSMAN, J.**,

This matter comes before me on Defendant Stephen L. Hall's Motion to Preclude Plaintiff K.G. from Using a Pseudonym [ECF 6]. For the reasons given below, I DENY Defendant's motion with leave to renew after discovery and any dispositive motions.

## BACKGROUND

Plaintiff filed a complaint alleging sexual abuse committed by Defendant, her uncle by marriage. The alleged sexual abuse took place in 2002, when Plaintiff was twelve years old. At that time, Plaintiff would often reside at her aunt and uncle's house because her parents were largely absent or disengaged from parenting Plaintiff. Plaintiff and Defendant were alone in a room while other people were present in the house, and Defendant was giving Plaintiff a back rub. According to the Complaint, "[d]uring this back rub, Defendant reached around and put his hands on Plaintiff's breasts. Plaintiff could feel his erect penis against her back. Defendant then said her name three times and told her she was growing up before removing his hands and leaving the room." Compl. [ECF 1-1] ¶ 4.

1 – OPINION & ORDER

Defendant filed the Motion to Preclude Plaintiff from Using a Pseudonym [ECF 6], which Plaintiff opposed [ECF 9].

## LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure states that "the title of the complaint must name all the parties," which invokes the public's common law right of access to judicial proceedings. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Nonetheless, the Ninth Circuit and many other federal courts "have permitted parties to proceed anonymously when special circumstances justify secrecy." *Id.* The Ninth Circuit allows the use of pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68 (citations, internal quotation marks, and modifications omitted). Circuit courts have permitted plaintiffs to use pseudonyms in the following three situations: (1) "when identification creates a risk of retaliatory physical or mental harm," *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); (2) "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,'" *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); and (3) "when the anonymous party is 'compelled to admit [their] intention to engage in illegal conduct, thereby risking criminal prosecution,'" *Stegall*, 653 F.2d at 185. *Advanced Textile Corp.*, 214 F.3d at 1068.

There are two relevant tests when deciding whether to permit a party to proceed anonymously: the balancing test and the five-factor test. *See Advanced Textile Corp.*, 214 F.3d at 1067–69. Under the balancing test, "a party may preserve [their] anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In cases in which

plaintiffs seek anonymity to shield them from retaliation, a district court should apply the five-factor test. *See id.*

## DISCUSSION

The first dispute is whether the balancing test or five-factor test applies to this matter. Plaintiff argues that the balancing test should apply to this child sexual abuse case. Plaintiff requests anonymity not based on fear of retaliation, but rather asserts that she would face ridicule from her family and community as well as experience trauma by proceeding publicly. *See* Resp. in Opp'n to Mot. to Preclude [ECF 9] at 2–4. Defendant contends that the five-factor test should apply to this matter despite the lack of fear of retaliation. Reply to Mot. to Preclude [ECF 13] at 2–3 (citing *A.G. v. Unum Life Insurance Company of America*, 2018 WL 903463, *2 (D. Or. Feb 14, 2018)).

I agree with Plaintiff that the balancing test applies instead of the five-factor test because fear of retaliation is not present here. Plaintiff has established that she seeks anonymity for reasons other than fear of retaliation, such as needing privacy for a highly personal matter to avoid ridicule and severe mental distress. Plaintiff was a child when the alleged sexual abuse took place and given the potentially psychologically traumatizing effects from such an act, anonymity is merited to preserve privacy in this sensitive matter. At this stage, the need for anonymity outweighs the public's interest in knowing Plaintiff's identity and any possible prejudice to Defendant.

Nevertheless, I recognize that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textile Corp.*, 214 F.3d at 1069. Therefore, I deny Defendant's motion and grant leave to renew after discovery and any dispositive motions.

## CONCLUSION

For the reasons given above, I DENY Defendant's Motion to Preclude Plaintiff from Using a Pseudonym with leave to renew after discovery and any dispositive motions.

IT IS SO ORDERED.

DATED this __19__ day of October, 2022.

MICHAEL W. MOSMAN<br>
Senior United States District Judge

4 – OPINION & ORDER